```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
SAHAR ALSHALANI,

                           Plaintiff,

                                 Case No. 20-cv-10404
     -vs-

THE PRESBYTERIAN CHURCH, USA, a
corporation, RICK UFFORD-CHASE, and
KITTY UFFORD-CHASE,

                           Defendants.
---------------------------------------x
                                 United States Courthouse
                                 White Plains, New York

                                 November 16, 2021

               ** VIA TELECONFERENCE **

B e f o r e:
                           HONORABLE PHILIP M. HALPERN

                           United States Magistrate Judge


A P P E A R A N C E S:

MORRISON LAW FIRM, P.C.
     Attorneys for Plaintiff
     445 Hamilton Avenue
     White Plains, New York 10601
BY:  STEVEN T. SLEDZIK

JACKSON LEWIS, P.C.
     Attorneys for Defendants
     44 South Broadway
     Fourteenth Floor
     White Plains, New York 10601
BY:  MARY A. SMITH
     DELONIE A. PLUMMER

*Proceedings recorded via digital recording device*
```

1          THE DEPUTY CLERK:  In the matter of Sahar Alshalani
2   against Presbyterian Church, USA, et al.
3          Would the plaintiff please note your appearance?
4          MR. SLEDZIK:  Yes.  Steven Sledzik from the Morrison
5   Law Firm, P.C., 445 Hamilton Avenue, White Plains, New York.
6          THE DEPUTY CLERK:  Defense counsel, please note your
7   appearance.
8          MS. SMITH:  Good morning, Your Honor.  Mary Smith from
9   Jackson Lewis.
10         MS. PLUMMER:  Good morning.  And Delonie Plummer at
11  Jackson Lewis.
12         THE COURT:  All right.  Counsel, good morning.
13         MR. SLEDZIK:  Good morning, Your Honor.
14         MS. SMITH:  Good morning.
15         MS. PLUMMER:  Good morning.
16         THE COURT:  So I see you are going in the right
17  direction in that you are planning a mediation for the 29th,
18  which is terrific.  The other side of that is I am going to set
19  a schedule now for the balance of what we are going to do,
20  either by way of summary judgment, or by way of getting the case
21  ready for trial.
22         So let's start at the beginning.  Ms. Smith or Ms.
23  Plummer, is it your intention to move for summary judgment?  And
24  if so, tell me a little bit about it.
25         MS. SMITH:  Yes, Your Honor.  This is Ms. Smith.  It

1   is our intention to make a motion for summary judgment.  It
2   would be based solely on the ministerial exemption and the
3   argument that it bars the claims under both federal and state
4   law.
5            The case, in particular, involves the plaintiff who
6   was a volunteer employee.  She was a member of what's called the
7   Community of Living Tradition, and it is our position that all
8   of the claims really revolve around that religious organization,
9   and that they would be barred by the ministerial exemption.
10           THE COURT:  All right.  Mr. Sledzik?
11           MR. SLEDZIK:  Yes, Your Honor.  So the ministerial
12  exemption, there is a U.S. Supreme Court case from just last
13  year, 2020, with respect to the parameters of the ministerial
14  exemption.  It relates to the language that the U.S. Supreme
15  Court uses is certain key employees and certain employees
16  holding important positions with churches and other religious
17  organizations.
18           As Ms. Smith told you already, my client was a
19  volunteer.  That doesn't really fit the parameters of the U.S.
20  Supreme Court case in terms of being a key employee.  It's going
21  to be undisputed that her volunteerism consisted of working at
22  the gift shop.  Again, working at a gift shop is not a
23  traditional doctrinal type of job.  She wasn't required to
24  preach or do anything about the Presbyterian ministry.  Her
25  position didn't require her to be educated in any type of

1  ministerial background.
2            This thing that they allude to called the Community of
3  Living Traditions was an entity that was created in 2020, about
4  a year after my client was terminated.  It's really -- at the
5  point of my client's termination, it's a legal fiction, but the
6  legal fiction of it is that it was a multi-faith community.  My
7  client is Muslim and was invited into the community because she
8  is a Muslim, not because she was a Presbyterian to spread the
9  Presbyterian faith.
10           So I don't think that motion is going to go anywhere.
11 They feel like they've got to make it, and I think as you are
12 well aware, they have the right to make it, but, you know, our
13 opinion is it's a motion that's easily deniable.
14           THE COURT:  Okay.  I assume, Ms. Smith, you have --
15 other than this Supreme Court case -- case law to support your
16 point of view?
17           MS. SMITH:  We do, Your Honor.  You know, in addition
18 to just there is a lot of case law on the ministerial exemption,
19 a lot of Supreme Court -- the most recent Supreme Court decision
20 focused on a particular -- a particular level of individual.
21 There are cases both in the Second Circuit and outside of the
22 Second Circuit that apply the ministerial exemption to
23 individuals who would not necessarily be considered only high
24 level religious figures within an organization; but in this
25 particular case as well, there is no question that the

1  allegations and all of really the claims in this case arise out
2  of the plaintiff and other individuals' involvement in this
3  intentional religious community, this multi-faith religious
4  community.  And while the actual entity may not have become
5  incorporated until 2020, it is really undisputed that it was set
6  up as part of the Presbyterian ministry agency; that everybody
7  within the ministry agency understood it, and that, in fact, the
8  plaintiff applied, you know, to be part of this intentional
9  multi-faith community.
10            So I -- Mr. Sledzik and I have spoken about it.  I
11 know we disagree, but I do think we have a good motion.  There
12 may be some issues of first impression in this particular case
13 because the facts and circumstances are very unique, but I think
14 we have -- we have a solid motion.
15            THE COURT:  I mean, we are talking about a person who
16 works in a gift shop, right?
17            MS. SMITH:  Well, the interesting thing is she
18 worked -- she -- her employment in the gift shop was ancillary
19 to her volunteer covenant, which was membership in the CLT.
20 None of the allegations of any of the harassment or
21 discrimination arise out of her employment in the gift shop.
22 They all arise out of her activities as a member of the
23 Community of Living Traditions, her covenants and her housing,
24 which was all part of the intentional religious community.  So
25 she doesn't have any allegation of while she was actually

1  working in the gift shop she was discriminated against,

2  subjected to hostile work environment, harassment, or, in fact,

3  when they terminated her covenant, that the lack -- the loss of

4  her ancillary employment in the gift shop was, you know -- was,

5  you know, a major part of her claim in the case.  It's really

6  that she was -- you know, they ended her covenant and said she

7  could no longer be part of the Community of Living Traditions,

8  which I think is very much religious.

9            THE COURT:  Okay.  Well, I will then expect that if

10 the matter isn't resolved on November 29th, we will impose a

11 schedule.

12           I would like to do the following:  Number one, you

13 will write me a one-page joint letter, either of you, by

14 December 3rd and let me know, yes, Judge, we resolved or no,

15 Judge, we are not resolving.

16           Number two, you will prepare a 56.1 statement,

17 Ms. Smith, it seems very simple to me, within two weeks of

18 December 3rd, so December 17th.

19           Mr. Sledzik, I will give you what time you need to

20 comply and oppose the 56.1 statement.  I realize holidays

21 interrupt here.  So how much time will you need, assuming you

22 get a 56.1 on December 17th?

23           MR. SLEDZIK:  I mean, Your Honor, I have younger

24 children and our intent was to be away on -- my children are off

25 from their school essentially for a ten-day break, and so my

```
 1  intention was to be away during --
 2          THE COURT:  My intention is not to interrupt your
 3  children's vacation.
 4          MR. SLEDZIK:  Your Honor, I can't even tell you how
 5  much I appreciate that, and my wife and children appreciate
 6  that.
 7          THE COURT:  So what do you need?
 8          MR. SLEDZIK:  Yeah, why don't we -- I will have a
 9  response by --
10          THE COURT:  You are just opposing -- you're opposing
11  the 56.1.
12          MR. SLEDZIK:  No.  I understand that, Your Honor.
13  There are six depositions and probably 2,000 pages of deposition
14  transcript, and we have exchanged 5,000 pages of documents.
15  Notwithstanding, I will have a response in by January 10th.
16          THE COURT:  All right.  And then so you will, Ms.
17  Smith, then, on 1/15 or sooner, you will file your pre-motion
18  conference letter for Rule 56.
19          You will have five days thereafter, Mr. Sledzik, to
20  oppose it.  So once I get both letters and the 56.1 -- look in
21  my rule.  It's one document.  It's not two.  I am a stickler for
22  Rule 56.1 statements.  I generated scores of them in my 40 years
23  of practice, and I don't know why, but a variety of things
24  happen when you talk 56.1 statements to lawyers.  The recipe is
25  very straightforward, very clear.  You admit it or you deny it.
```

1  If you deny it, you add your evidence.
2              The reason I have you both do it before you make any
3  motions is so I can read it and understand that.  In fact -- in
4  fact, you have no issues of fact.  I realize, Ms. Smith, I've
5  made -- the 15th is a Saturday, so make it the 17th, which is a
6  Monday, and the five days will end on that Friday, Mr. Sledzik.
7              So please, stick with the recipe.
8              MS. SMITH:  Okay.
9              THE COURT:  If there is -- I don't know whether
10 there's an exemption here or not, but I am going to be guided by
11 the Second Circuit, and I certainly will read carefully what
12 other judges in my district have done with this issue -- with
13 this issue.
14             I don't know whether you are entitled to judgment as a
15 matter of law or not, Ms. Smith.  It sounds a little to me like
16 you are pushing the envelope, and if you are pushing the
17 envelope, you'd better have a very solid argument to make
18 because I like to work within the envelope, within the
19 parameters of what has been adjudicated, and I have no problem
20 attacking an issue of first impression.  I don't want you to
21 think the wrong thing, but I don't really want to waste a lot of
22 time at a summary judgment level if there are issues that need
23 to be adjudicated in order to get to the final decision here.
24             All right.  So I hope you settle.  It sounds like you
25 should resolve.  If there is no exemption, then there will be a

1  fair amount of work to do to get ready for trial, but we will
2  have to see.
3          I look forward to reading this.  You both sound
4  entirely well-versed in the matter, and I am not as well-versed
5  as you, so I look forward to being educated.  Please stick
6  strictly with the burden of proof when you write to me.  It's
7  what I am interested in; nothing more or less than that.  I tell
8  lawyers, you can write five pages.  Sometimes I think it means
9  we have to write five pages.  Write whatever you want to tell me
10 and do it succinctly.  If that's a page, I will appreciate it.
11         All right?  Anything else we can do for each other?
12 And if you do resolve, let me know, and let me know what I can
13 do to assist.
14         MS. SMITH:  Thank you, Your Honor.
15         THE COURT:  Okay.
16         MR. SLEDZIK:  Thank you, Your Honor.
17         THE COURT:  Counsel, take care.
18         MR. SLEDZIK:  Bye-bye.
19         MS. SMITH:  Thank you.  Okay.
20                         -oOo-